Whaley, Judge,
delivered the opinion of the court:
The plaintiff was commissioned in the Navy on June 7, 1889, as assistant surgeon to rank from June 3, 1889, and after having been promoted through the various grades he was commissioned a captain and was serving in this rank on June 10,1926, when he was selected and recommended by the selection board in January 1929 for promotion to the rank of rear admiral in the Medical Corps. The plaintiff’s l’unning mate in the line was Rear Admiral Guy H. Burrage, who was commissioned a rear admiral from June 27, 1920, and entered the upper half of the list of rear admirals on January 6, 1923. On March 2, 1929, the plaintiff was notified that he was commissioned medical director with the rank of rear admiral from June 27, 1920, being the date of the commission of his running mate to rear admiral. The plaintiff was notified on February 28, 1929, that he had entered the upper half of the list of rear admirals on January 6, 1923, being the same date on which his running mate in the line had entered the upper list of rear admirals. Plaintiff was retired with the rank of rear admiral in the Medical Corps on October 9, 1929. These facts are not disputed.
The sole question for decision is whether the plaintiff is entitled to the pay and allowances of a rear admiral from the effective date of the act of June 10, 1926, as provided by sections 3 and 18, or is he entitled to the pay and allowances of a rear admiral of the Medical Corps from the date of the vacancy in the permanent rank or grade of rear admiral to which he was commissioned, by reason of the third proviso of section 1 of said act which limits the number of rear admirals to four in the permanent rank of the Medical Corps, exclusive of additional numbers.
There is no conflict between these two sections of the act of 1926. One limits the number of rear admirals in the Medical Corps (staff officers) and the other provides for the pay and allowances he shall receive after his elevation and active entrance into that rank.
*523 Section 1 of the act of June 10, 1926, 44 Stat. 717, reads as follows:
“ That for all purposes of this act the words ‘ staff officer ’ or £ staff officers 5 as hereinafter used shall be construed to include officers of the Medical, Supply, Chaplain, Construction, Civil Engineer, and Dental Corps of the Navy only.
“ Hereafter all advancements to the ranks of rear admiral, captain, and commander in each of the staff corps above mentioned, including the advancement of staff officers who are or may be carried on the Navy list as additional to the numbers of such ranks, shall be by selection only from staff officers of the next lower respective rank in the corps concerned upon the recommendation of a board of naval officers as hereinafter provided: * * * Provided further, That the advancements of staff officers herein authorized to the ranks of rear admiral, captain, and commander shall be made regardless of numbers or percentages established by any prior acts for the distribution of staff officers in the ranks or grades of such corps, and such prior acts in so far as they establish numbers or percentages of staff officers in the various ranks or grades are hereby repealed: Provided further, That nothing in this aet shall he construed as authorising or 'permitting in the permanent rank of rear admiral, exclusive of additional numbers, more than four officers of the Medical Corps, three officers of the Supply Corps, one officer of the Construction Corps, and one officer of the Civil Engineer Corps. * * [Italics ours.J
Section 3, paragraph 4, provides in part as follows:
“ * * * When the report of the board shall have been approved by the President the officers recommended therein shall be deemed eligible for selection and shall in accordance with the provisions of this act be advanced to and commissioned in the rank for which recommended, and when so commissioned each such officer shall be given in his new commission the same date of rank which has been, or in due course will be, stated in the commission in such rank of his running mate assigned him in accordance with this act: Provided, That a staff officer who is recommended for advancement by the report of a selection board approved by the President shall be eligible for advancement to a higher rank in his corps under the provisions of this act if and when his running mate, or an officer junior to such running-mate, has been promoted to that higher rank in the line of the Navy, or when a vacancy in that rank exists in the line *524 of the Navy which will in due course be filled by the promotion of his running mate, or an officer junior to his running mate: Provided further, That a staff officer selected and advanced in accordance with the provisions of this act shall he entitled to the pay and allowances of the rank to which so advanced from the date stated in his commission, hut should such date stated in his commission he prior to the date of this act he shall he entitled to the pay and allowances of the rank to which so advanced from the date of this act: * * [Italics ours.]
It is the contention of the defendant that the plaintiff, under the proviso in section 1, can only receive the pay and allowances of a rear admiral from the time he commences to serve in that rank. The proviso, which limits the number of rear admirals in the permanent rank in the Medical Corps to four, was intended to meet a service requirement which allowed the assignment of officers to positions which were in keeping with the rear admiral rank, but it in no manner or sense conflicted with the pay and allowances which an officer in the Medical • Corps should receive and which his long period of active commissioned service entitled him to have because of the elevation of his running-mate to the rank of rear admiral previous to plantiff’s promotion to the permanent rank of rear admiral. The plaintiff’s running mate in the line was Guy H. Burrage, who was commissioned a rear admiral on June 27, 1920, and entered the upper list in 1923. The act is clear and specifically provides his commission shall date back to that of his running mate, but limits the pay under section 3, paragraph 4, and section 18, to commence from the date of the act. Without this limitation the plaintiff clearly would have been entitled to receive the pay and allowances provided for a rear-admiral from the date of his commission, and his commission antedated the act by sis years.
If it had been the intention of the lawmaking body that the pay and allowances should not be enjoyed until after the plaintiff had entered into the permanent grade of rear admiral and only during that period of service, then the first proviso in section 3, paragraph 4, which reads as follows—
*525 “ That a staff officer who is recommended for advancement by the report of a selection board approved by the President shall be eligible for advancement to a higher rank in his corps * * * if and when his running mate * * * has been promoted to that higher rank in the line of the Navy * * * which will in due course be filled by the promotion of his running mate * * * ”—
is meaningless.
However, the purpose and intent of Congress is clearly apparent when the next proviso in the same section is taken into consideration. It reads:
“ Provided further, That a staff officer selected and advanced in accordance with the provisions of this act shall be entitled to the pay and allowances of the rank to which so advanced from the díate stated in Ms commission, but should such date stated in his commission be prior to the date of this act he shall be entitled to the pay and allowances of the rank to which so advanced from the date of this act.” (Italics ours.)
From this provision alone it would clearly appear that the limitation in section 1 of the number of rear admirals in the Medical Corps has no application so far as the back pay and allowances are concerned, but, in addition to this provision in section 3, there was incorporated a provision in section 18, which reads as follows:
“All staff officers of the rank of rear admiral now on the active list who are not now receiving the pay and allowances of the upper half of such rank, and all staff officers who may hereafter he advanced to the rank of rear admiral on the active list, shall receive the pay and allowances prescribed by law for rear admirals of the upper half from the date on which their respective running mates became entitled or shall hereafter become entitled to such pay and allowances: Provided, That no staff officer shall become by virtue of this act entitled to any increased pay or allowances prior to the date of this act.” (Italics ours.)
There is no question that Burrage and the plaintiff were running mates with the same length of active commissioned service running concurrently. When the plaintiff was selected, recommended, and promoted to the rank of rear admiral his commission was dated back to the date of the *526 commission of bis running mate, and without the restriction of the act that no back pay and allowances should be received on any commission antedated prior to the date of the act, the plaintiff would have been entitled to the pay and allowances from the date of his commission.
The plaintiff is entitled to recover the pay and allowances of a rear admiral of.the upper half from June 10, 1926, to March 2,1929. Judgment will be entered upon receipt from the General Accounting Office of a statement of the amount due the plaintiff, in accordance with this opinion.
Williams, Judge; LittletoN, Judge; GreeN, Judge; and Booth, Chief Justice, concur.