Littleton, Judge,
delivered the opinion of the court:
The act of June 10,1926, 44 Stat. 717, provided, so far as material here, as follows:
“ Sec. 1. That for all purposes of this act the words ‘ staff officer ’ or ‘ staff officers ’ as hereinafter used shall be construed to include officers of the Medical, Supply, Chaplain, *644 Construction, Civil Engineer, and Dental Corps of the Navy-only.
“ Hereafter all advancements to the ranks of rear admiral, captain, and commander in each of the staff corps above mentioned, including the advancement of staff officers who are or may be carried on the Navy list as additional to the numbers of such rank, shall be by selection only from staff' officers of the next lower respective rank in the corps concerned upon the recommendation of a board of naval officers as hereinafter provided: * * * Provided further, That the advancements of staff officers herein authorized to the ranks of rear admiral, captain, and commander shall be made regardless of numbers or percentages established by any prior acts for the distribution of staff officers in the ranks or grades of such corps, and such prior acts in so far as they establish numbers or percentages of staff officers in the various ranks or grades are hereby repealed: Provided' further, That nothing in this act shall be construed as authorizing or permitting in the permanent rank of rear admiral, exclusive of additional numbers, more than four officers of the Medical Corps, three officers of the Supply Corps,, one officer of the Construction Corps, and one officer of the Civil Engineer Corps. * *
“ Seo. 14. Hereafter a staff officer shall become eligible for consideration by a selection board for recommendation for advancement to the next higher rank when the President approves the report of a line selection board in which the running mate of such staff officer or a line officer junior to such running mate is recommended for promotion to the next higher rank above that held by such staff officer. * *
“Sec. 3. * * * When the report of the board shall have been approved by the President the officers recommended therein shall be deemed eligible for selection and' shall in accordance with the provisions of this act be advanced to and commissioned in the rank for which recommended, and when so commissioned each such officer shall be given in his new commission the same date of rank which has been, or in due course will be, stated in the commission, in such rank of his running mate assigned him in accordance with this act: Provided, That a staff officer who is recommended for advancement by the report of a selection board' approved by the President shall be eligible for advancement to a higher rank in his corps under the provisions of this act if and when his running mate or an officer junior to such, running mate has been promoted to that higher rank in the line of the Navy or when a vacancy in that rank exists in the line of the Navy which will in due course be filled by the-promotion of his running mate or an officer junior to his *645 running mate: Provided further, That a staff officer selected and advanced in accordance with the provisions of this act shall be entitled to the pay and allowances of the rank to which so advanced from the date stated in his commission * *
Plaintiff was advanced by selection under the above-mentioned act to the grade of medical inspector in the Navy with the rank of commander from July 1,1929. Commander Haas was assigned as plaintiff’s running mate in the line in accordance with the provisions of the act of June 10, 1926, and was, on July 1, 1929, commissioned a commander, under which appointment he has since served on active duty. On the same date plaintiff, a staff officer, was likewise appointed and commissioned a commander. On that date Commander Haas had to his credit twenty years of active service in the Navy and has received pay of the fifth period on and after the date stated in his commission.
When plaintiff was commissioned a commander on July 1, 1929, he had completed fifteen years ten months and thirteen days of active commissioned service.
The defense made to plaintiff’s claim is that the pay and allowances of the fifth pay period are authorized by the Joint Service Pay Act of June 10, 1922, 42 Stat. 625, only to an officer commissioned a commander of the Navy (1) when he shall have completed twenty years’ service; (2) when his first appointment in the permanent service was in a grade above that corresponding to captain in the Army, which is the rank corresponding to that of lieutenant in the Navy; or (3) when advanced by selection under existing laws to the rank or pay of commander. This contention is, therefore, that plaintiff does not meet any of the requirements of the Pay Act of June 10, 1922, under which the pay of officers is based not upon rank but upon length of service; that the act of June 10, 1926, was not “ existing law ”, as contemplated by the act of June 10, 1922; and that the 1926 act was not intended to authorize the pay and allowances which plaintiff claims. In view of the plain language of the Equalization Act of 1926, particularly the second proviso of section 3 thereof, we are unable to concur in the contention of the defendant. That section provides that “ a staff officer *646 selected and advanced in accordance with the provisions of this act shall be entitled to the pay and allowances of the rank to which so advanced from the date stated in his commission.” That is precisely what the plaintiff claims. The Joint Service Pay Act of June 10, 1922, referred to above, clearly contemplated that an officer advanced to the position of commander by selection should receive the pay of the fifth pay period even though he had not completed twenty years’ service, for that statute provided that such an officer should receive such pay when he had completed twenty years’ service or when advanced by selection to' the rank or pay of commander under existing law. The laws providing for advancement by selection existing at the time were the act of August 29, 1916, 39 Stat. 556, and the act of July 1, 1918, 40 Stat. 704. The act of 1926 cannot be held inapplicable because it was enacted after the act of June 10, 1922, for it relates to the same group of officers which the Joint Service Pay Act of June 10, 1922, specifically provided should receive the pay of the fifth and sixth periods. Concerning the question in issue, therefore, the pertinent phraseology of the two acts have a common subject matter and purpose, and are provisions in paH materia.
The Equalization Act of 1926, in providing that “ a staff officer selected and advanced in accordance with the provisions of this act shall be entitled to the pay and allowances of the rank to which so advanced ”, allocates such officer in the Joint Service Pay Act of June 10, 1922, and thus it adopted so much of the Joint Service Pay Act for its purpose. The act of 1926 so clearly states that an officer advanced to the rank of commander by selection shall be entitled to the pay and allowances of the rank to which so advanced from the date stated in his commission or the date of that act that, we think, there is no room for argument in support of the contention that it intended to provide for equalization of promotion in rank only but not in pay. Cf. George Tucker Smith v. United States, 76 C. Cls. 520.
Plaintiff is entitled to recover the difference between the pay and allowance of an officer with dependents in the fifth pay period and the pay and allowance of an officer with *647 dependents in the fourth pay period for the periods July 1,1929, to June 30,1931, and from October 1,1932, to August 18, 1933. Inasmuch as he became legally entitled to this compensation prior to June 30, 1932, the provision of section 201 of the Economy Act of June 30, 1932, prohibiting all automatic increases in compensation by reason of length of service or promotion during the fiscal year 1933 is not applicable, nor is section 4 of the act of June 30, 1934, continuing such prohibition, applicable to this case.
Judgment in favor of plaintiff will be entered upon the filing of a report from the General Accounting Office showing the amount due in accordance with this opinion. It is so ordered.
Whaley, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.